IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr53

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>SASAN GHAZAL )<br>) <br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon the government's Notice of Appeal of the magistrate judge's release order.[1] (Doc. No. 5). For the reasons stated below, the Court will REVOKE the release order and detain the defendant pending trial.

The defendant was indicted on March 17, 2009, for possessing an unregistered pipe bomb as a convicted felon (Counts One and Two) and for simple possession of marijuana (Count Three). (Doc. No. 1: Indictment). The magistrate judge allowed the defendant to remain on conditions of release after a hearing on March 24, 2009.[2] (Doc. No. 4: Order).

At the hearing, information was presented that the instant charges resulted when police stopped the defendant on February 9, 2008, for swerving and crossing over the center line in his vehicle. A search of the car revealed a metal pipe bomb, fully constructed and "ready to go," wedged between the front passenger seat and center console. Police also found a small amount of

---

[1] The government's notice was filed under seal without a motion to seal or any justification to deny public access to the document, in violation of Local Rule 55.1. Accordingly, this Order is not issued under seal and the seal on the government's notice will be lifted three days after this Order is issued, unless the government can provide justification for continued secrecy.

[2] The defendant was released on conditions after his initial appearance on March 19, 2009. (Doc. No. 4: Order). The government states that it did not move for detention at that time because it appeared that the defendant was out of prescribed medication which the government wanted available to the defendant if he were detained. (Doc. No. 5: Notice at 1-2).

marijuana in a cereal box on the front-seat passenger floorboard.  The defendant acknowledged the marijuana, but claimed not to know how the pipe bomb got into the car.  He later asserted a person who borrowed the car from him must have left the pipe bomb there.

The magistrate judge credited the defendant's successful performance for thirteen months on bond on state charges relating to this incident.  The defendant's father was obliged to co-sign the $25,000 unsecured bond.  The magistrate judge made no explicit findings regarding the protection of the community or the appearance of the defendant if he were released on the stated conditions.

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial release order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992).  However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The Court has carefully conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case and finds the magistrate judge's decision to release the defendant was in error.  The evidence offered at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Possession of an unregistered pipe bomb, by its nature, is a crime of violence because such weapons serve no legitimate purpose. See United States v. Johnson, 246 F.3d 330, 334-45 (4th Cir. 2001) (possession of prohibited sawed-off shotgun is a crime of violence; weapon always presents serious risk of physical injury to another).  Significantly, the defendant was on probation

for a felony drug offense at the time he allegedly possessed the pipe bomb and marijuana. 18 U.S.C. § 3142(e)(3)(B). In fact, according to the Pretrial Services Report, the defendant has been repeatedly arrested for new offenses while on bond for other offenses. Thus, the Court has no confidence that the defendant would abide by the conditions of release in this case, and would, thereby, pose a risk to the safety of the community if the defendant were released.

**IT IS, THEREFORE, ORDERED** that the magistrate judge's release order (Doc. No. 4) is **REVOKED** and the defendant is committed to the custody of the Attorney General.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation office.

Signed: March 27, 2009

Robert J. Conrad, Jr.
Chief United States District Judge